# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY E. HATCHETT | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-14-499 |
| COMMISSIONER OF CORRECTIONS, FRANK BISHOP, and DOUGLAS F. GANSLER | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

The above-captioned case, filed February 20, 2014, seeks declaratory and mandamus relief in connection with the loss of Petitioner's assigned prison job at North Branch Correctional Institution (NBCI). ECF No. 1. The only jurisdictional basis cited is the Declaratory Judgment Act, 28 U.S.C. 2201. That Act, however, does not confer jurisdiction, but rather provides for a type of remedy only if the federal court has some other basis for jurisdiction. Because Plaintiff's allegations do not state a claim for a cognizable cause of action under 42 U.S.C. § 1983, the complaint will be dismissed.

Plaintiff states he is serving a sentence of life plus twenty-years with parole eligibility. He is currently confined at NBCI in housing unit 2 which he states has recently been designated as a special housing unit. Inmates assigned there will be removed from their assigned jobs to a job bank and inmates will be required to earn their jobs back through a new privilege program. He states he was informed of this decision on February 7, 2014. Additionally, Petitioner asserts prison administrators have stated that all inmates assigned to housing unit 2 will no longer be general population and the unit will be run like a "supermax" prison. Petitioner claims his removal from his job assignment was done without notice or a hearing and removes his ability to

continue earning applicable diminution of confinement credits. *Id*. at pp. 2 – 3.  Subsequent to being informed of the changes in policy for housing unit 2, Petitioner was informed that there was no program being implemented and that the number of jobs available at NBCI has been reduced to "around 400" and that those who had jobs in the past will no longer have jobs, but that Petitioner may have one in the near future.   Petitioner requests this court to order a response to his claims, schedule an evidentiary hearing, and to "correct the justiciable controversy which stripped his legal rights to earn" diminution of confinement credits.  *Id*. at p. 3.   In addition, Petitioner seeks restoration of credits from September 2, 2013, the date NBCI went on a prison wide lock down, to the present. *Id*.

Petitioner does not have a constitutional right to maintain a prison job and, absent a showing of significant hardship, he is not entitled to procedural due process prior to being removed from his job. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976), s*ee also Sandin v. Conner*, 515 U.S. 472 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest).  The reasoning of the Court in *Sandin* requires that the due process inquiry focus on the nature of the deprivation alleged and not on the language of particular prison regulations.  *Sandin*, 515 U.S. at 484.  Petitioner's loss of an opportunity to earn diminution of confinement credits does not impose an "atypical and significant hardship . . .  in relation to the ordinary incidents of prison life."  *Id*.  This is particularly true in the instant case where earned credits do not result in Petitioner's release from prison; rather, the credits earn an opportunity to be considered for parole.  *See    Greenholtz    v.*

*Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979) (no protected liberty interest in the expectation of parole).

The analysis does not change when considering Petitioner's assertion that the change in his job assignment is an ex post facto violation. ECF No. 1 at p. 2. There is no indication that Petitioner has lost a right to be considered for parole or that the consideration for his parole has become meaningless as a result of the alleged policy at NBCI. *See Knox v. Lanham*, 895 F. Supp. 750, 758 (D. Md. 1995) *aff'd Worsham v. Lanham*, 76 F. 3d 377 (4th Cir. 1996) (violation of *ex post facto* clause where refusal to classify lifers below medium security was combined with an unwritten Parole Commission policy to deny parole to any lifer who had not participated in work release). In the instant case, the allegation is that Petitioner will not be considered for parole until a later date because of the lost opportunity to earn additional credits through a prison job assignment.

As it appears Petitioner is not entitled to the relief he seeks, the Petition for Declaratory Relief will be dismissed by separate Order which follows. The court declines to issue a Certificate of Appealability.

 February 26, 2014                           _____/s/_____
Date                                          DEBORAH K. CHASANOW
                                                   United States District Judge